■ JULIA RUFFIN, Respondent, v. 89 REALTY CORP. et al., Defendants. 89 REALTY CORP., Third-Party Plaintiff-Appellant, v. CITY OF NEW YORK, Third-Party Defendant-Respondent.— Action by a prospective bus passenger to recover damages for personal injuries alleged to have been received when she slipped on an oil slick in a bus terminal, against 89 Realty Corp., the owner of the terminal, and Bee Line Inc., a tenant therein. 89 Realty Corp. served a third-party complaint on the City of New York, a lessee of a portion of the terminal, alleging primary negligence on the part of the city. 89 Realty Corp. appeals from an order granting the city's motion to dismiss the third-party complaint for insufficiency (Rules Civ. Prac., rule 106, subd. 4) and from the judgment entered thereon. Order modified by adding to the ordering paragraph a provision permitting the service of an amended third-party complaint. As so modified, order unanimously affirmed, without costs. The amended third-party complaint is to be served, if appellant be so advised, within 20 days after the entry of the order hereon. The third-party complaint does not allege sufficient facts to show that any recovery may be had against the respondent. No facts were alleged to show that the respondent was in exclusive control of the area when the accident occurred, or that, even if it were, appellant and respondent were other than joint tort-feasors, each actively negligent, without any agreement on the respondent's part to indemnify appellant for the respondent's active negligence. Appeal from judgment dismissed. No such judgment is printed in the record. Present — Nolan, P. J., Beldock, Murphy, Ughetta and Hallinan, JJ.